UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
GRAND JUNCTION DIVISION

LUIS CARRANZA,

    Plaintiff,

v.                                            CASE NO.:

HIGHLANDS PIZZA COMPANY, LLC,
and KEVIN JOSEPH,

    Defendants.         /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS CARRANZA, by and through the undersigned attorney, sues the Defendants, HIGHLANDS PIZZA COMPANY, LLC, a Colorado Limited Liability Company, and KEVIN JOSEPH, individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to Colorado Wage Act § 8-4-101, et seq. ("Colorado Wage Act"), and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Plaintiff was an employee who worked for Defendants within the last three years in Pitkin County, Colorado.

3. Plaintiff worked for Defendants from around December 2019 to January February 2020 as an hourly paid employee at an hourly rate of $16.00 per hour.

4. Plaintiff worked as a dishwasher for Defendants.

5. At all times material to this cause of action, Defendant, HIGHLANDS PIZZA COMPANY, LLC, was an enterprise subject to FLSA and Colorado Wage Act.

6. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant, HIGHLANDS PIZZA COMPANY, LLC, is a Colorado Limited Liability Company that operates and conducts business in Pitkin County, Colorado and is therefore, within the jurisdiction of this Court.

8. Defendants operate a pizza restaurant in Aspen, Colorado.

9. At all times relevant to this action, KEVIN JOSEPH was an individual resident of the State of Florida, who owned and operated HIGHLANDS PIZZA COMPANY, LLC, and who regularly exercised the authority to: (a) hire and fire employees of HIGHLANDS PIZZA COMPANY, LLC; (b) determine the work schedules for the employees of HIGHLANDS PIZZA COMPANY, LLC, and (c) control the finances and operations of HIGHLANDS PIZZA COMPANY, LLC. By virtue of having regularly exercised that authority on behalf of HIGHLANDS PIZZA COMPANY, LLC, KEVIN JOSEPH is/was an employer as defined by 29 U.S.C. § 201, et seq.

10. This action is brought under the FLSA and Colorado Wage Act to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and the FLSA. This Court has supplemental jurisdiction over Plaintiff's Colorado Wage Act claims pursuant to 28 U.S.C §1367, as Plaintiff's Colorado Wage Act claim is so related to Plaintiff's FLSA claim it forms part of the same case or controversy.

12. During Plaintiff's employment with Defendants, Defendant, HIGHLANDS PIZZA COMPANY, LLC grossed more than $500,000.00 per year in gross sales.

13. During Plaintiff's employment, Defendants employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to cash registers, telephones, pizza ingredients, cleaning supplies, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant, HIGHLANDS PIZZA COMPANY, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s), and covered by the Colorado Wage Act.

## Overtime Violations

15. At all times relevant to this action, Defendants failed to comply with the Colorado Wage Act and the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

16. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

17. During his employment with Defendants, Plaintiff routinely worked overtime hours.

18. Plaintiff is entitled to his regular rate of pay ($16.00/hour) plus the half-time premium ($8.00/Overtime hour) for all hours worked in excess of forty (40) per week.

19. Based upon the above policies, Defendants have violated the Colorado Wage Act and the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

21. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

22. All conditions precedent to this action have been performed or waived.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

23. Paragraphs one (1) through twenty-two (22) above are fully incorporated herein.

24. Plaintiff is/was entitled to be paid time and one-half his regular rate of

pay for each hour worked in excess of forty (40) per work week.

25. During his employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

26. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

28. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LUIS CARRANZA, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION
## (COLORADO WAGE ACT)

30. Paragraphs one (1) through twenty-two (22) above are fully incorporated herein.

31. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

32. During his employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the Colorado Wage Act.

33. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

35. As a result of Defendant's willful violation of the Colorado Wage Act, Plaintiff is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, LUIS CARRANZA, demands judgment against

Defendants for all available remedies under the Colorado Wage Act, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 18th day of January, 2022.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1500
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
Attorneys for Plaintiff